# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO

HERNÁNDEZ, APPELLANT, *v.* MEDINA ET AL., RESPONDENTS.

## APPEAL from the District Court of Mayagüez.

No. 857.—Decided January 17, 1913.

DEFICIENCY JUDGMENT—THIRD PARTIES—RECORD OF JUDGMENTS—ALLEGATIONS.—
Allegations must be proven by the party who makes them. On motion for a deficiency judgment against a third party the mover must prove that the judgment was rendered, that a part thereof remains unsatisfied and that it was recorded in the judgment book of the registry of property.

ADMISSIONS OF PARTIES—TRANSCRIPT OF RECORD.—Admissions of the parties must appear in the transcript of the record and it is not sufficient that they appear in the brief alone.

The facts are stated in the opinion.

The appellant appeared *pro se.*

*Mr. José de Diego* for respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

The transcript of the record presented in this court in connection with this appeal contains a motion filed by Agustín Hernández Mena in the district court setting forth that on August 19, 1909, he obtained a judgment against Julio Medina González for $1,480.95 with interest at 6 per cent and costs; that said judgment was entered in the record of judgments of the Registry of Property of Mayagüez on January 17, 1910; that there is still a balance of said judgment of $867.25, plus interest and costs, remaining unpaid; that on March 16, 1912, in order to collect this balance the marshal levied upon all the right, title, and interest of said Julio Me-

1

dina González in a country estate, which is described; that said property appears recorded in the registry of property in the names of Carlos Vega and Pedro Vicenty in the proportion of an undivided one-half interest each; that Carlos Vega and Francisco Ramírez acquired said property on November 29, 1911, by private purchase from José Ibáñez, who had purchased the same from Julio Medina González on March 10, 1911, said Medina having acquired it by purchase from Pedro R. Matos and others on June 26, 1908; that the property was recorded in the name of Vega and Ramírez on January 10, 1912; that Pedro Vicenty Semidey acquired the share of Francisco Ramírez at public sale under an execution; that when the judgment of said Hernández was recorded in the judgment book of the registry of property on January 17, 1910, said property belonged to Julio Medina González. The motion concluded with the prayer that Carlos Vega and Pedro Vicenty Semidey, jointly and severally, be required to discharge the lien on said property by paying to said Hernández the said sum of $867.25, plus the interest and costs due, or, in default thereof, that an order be entered directing the cancellation in the registry of property of the records of the dominion titles of said Vega and Vicenty, as well as of any other records which may have been made subsequently in connection with said property.

From a certificate issued by the Registrar of Property of Mayagüez dated March 21, 1912, it appears that the first record of said property was made on January 10, 1912, in favor of Carlos Vega and Francisco Ramírez by virtue of dominion-title proceedings approved October 4, 1911, which proceedings show that the property was acquired by said parties by private purchase from José Ibáñez and wife on March 29, 1911, and that the latter parties had purchased the same on March 10, 1911, from Julio Medina González and wife, who had purchased it from Pedro R. Matos and others.

The second record of said property in the registry dated February 26, 1912, is of the interest therein of Francisco

Ramírez which was recorded in the name of Pedro Vicenty, he having acquired it at an execution sale.

The transcript of the record shows also that after having heard the petitioner, Carlos Vega and Pedro Vicenty, the court rendered judgment on April 20, 1912, dismissing the petition *in toto* and taxing the costs against Agustín Hernández Mena, who took the present appeal from said judgment.

The documents above referred to are the only documents appearing in the transcript of the record and, therefore, the only knowledge we have that the judgment was rendered against Julio Medina, that a part thereof remains unsatisfied and that the same was recorded in the judgment record of the registry of property is derived from the brief statements made by Agustín Hernández Mena in his motion. We have found no evidence in their support and therefore this fact alone is sufficient to justify the dismissal of his appeal, they being facts which necessarily had to be proven inasmuch as they were indispensable and antecedent to the discussion and decision of the rights at issue. It is an ancient and settled rule of law that allegations must be proven, and the petitioner should have proven the said allegations to the parties against whom his petition was directed.

In his brief in this court the appellant declares that the facts recited in his motion were admitted by the adverse parties and that therefore they are established, but even if this were true—it is denied by the respondents—such admissions should have been shown in the transcript of the record, a statement to that effect in his brief being insufficient.

Said facts not having been proven, we have no ground upon which to consider the legal question raised by the appellant with regard to the effects of the recording of a judgment, inasmuch as we do not know that it has been recorded; therefore we must conclude the opinion at this point and affirm the judgment appealed from.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.